IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIZABETH LONG, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00923-JKP |
| vs. | § § § | |
| CAT EXTERIORS, KENSINGTON MARKETING GROUP, | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Defendants' Motion to Strike Plaintiff's Letter [#17]. By their motion, Defendants ask the Court to strike Plaintiff's "Open Letter to the Court" [#15] pursuant to Federal Rule of Civil Procedure 12(f) on the basis that it contains inadmissible and confidential settlement negotiations governed by Federal Rule of Evidence 408. Plaintiff filed a response in opposition to the motion [#18], which argues that the Court should not strike the filing because Plaintiff had a proper purpose of sharing the settlement discussions with the Court—informing the Court of perceived deception by Defendant's counsel that might constitute an ethics violation. For the reasons that follow, the Court will grant the motion.

Rule 12(f) allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To prevail on a motion to strike, Defendants must show that the pleading at issue has "no possible relation to the controversy" and that "significant prejudice" would result if the motion is denied. *Washington v. Pac. Summit Energy LLC*, No. 4:20-CV-290, 2021 WL 229653, at *1 (S.D. Tex. Jan. 21, 2021). Plaintiff's letter summarizes

the parties' settlement negotiations and specifies the amount offered to Plaintiff in exchange for settlement of this case. These statements are inadmissible under Rule 408. *See* Fed. R. Evid. 408 (prohibiting use of settlement offers and negotiations to prove validity or amount of disputed claim or to impeach witness). Because the Court is prohibited from considering the settlement negotiations between parties in deciding the merits of the case, Plaintiff's letter has "no possible relation to the controversy." Additionally, the Court finds that denying the motion to strike would result in significant prejudice to Defendants. Plaintiff's disclosure of the parties' settlement discussions compromises Defendants' ability to engage in effective dispute resolution in this and other similar Telephone Consumer Protection Act cases involving Defendants.

Plaintiff's letter does not ask the Court for any specific relief. If Plaintiff is concerned that Defendant's counsel has engaged in unethical behavior that might violate the professional rules governing attorneys, she may contact the Texas Bar. If Plaintiff believes Defendant's counsel has engaged in sanctionable conduct, she may file a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. For the most part, Plaintiff should refrain from filing letters to the Court. She should limit her filings to motions or responses and replies thereto. *See* W.D. Tex. Local Rule CV-7. At times, it may be appropriate to file an advisory, but advisories are for logistics (e.g., updating a party's contact information) and joint notices to the Court (e.g., announcing a pending motion has been resolved), but are not a proper way to address disputed issues.

The Court notes that the letter at issue does contain other statements by Plaintiff unrelated to the parties' settlement discussions. Plaintiff discusses both Defendants' counsel's need to file a motion to appear *pro hac vice* in this case and addresses issues with electronic service. Defendants' counsel has requested and obtained *pro hac vice* status in this case, and Plaintiff has

requested and obtained permission to participate in electronic filing. Accordingly, there is nothing in the letter related to any pending motion before the Court. The Court will therefore strike the entire letter under Rule 12(f).

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Letter [#17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk strike Plaintiff's Open Letter to the Court [#15] from the docket.

SIGNED this 25th day of October, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE