IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIZABETH ANN LONG, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-00923-JKP |
| vs. | § § § | |
| CAT EXTERIORS, KENSINGTON MARKETING GROUP, | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's *Pro Se* Rule 37 Motion to Compel Cooperation in Discovery [#20]. By her motion, Plaintiff asks the Court to compel Defendants to participate in the exchange of discovery. Plaintiff asserts that she has repeatedly requested information from Defendants with no response. Defendants have filed a response in opposition to the motion [#22], arguing that Plaintiff's motion in untimely and premature. The Court agrees and will deny Plaintiff's motion.

Plaintiff filed her Complaint on August 24, 2022. Defendants moved for an extension of time to respond to Plaintiff's Complaint, which the Court granted on October 17, 2022. Defendants' responsive pleading is due on or before November 8, 2022. Defendants have not yet formally appeared in this action. The parties have not yet conducted their Rule 26(f) conference. Rule 26(d)(1) provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Although the Federal Rules do not provide a standard for granting authorization for early discovery, this District generally applies a "good cause" standard. *See, e.g.*, *Accruent, LLC v.*

1

*Short*, 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017); *Stockade Cos., LLC v. Kelly Rest. Group, LLC*, 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017). The Court therefore construes Plaintiff's motion to compel as a motion for leave to serve early discovery.

Plaintiff has not established good cause for granting her permission to serve discovery prior to the parties' Rule 26(f) conference. Her motion simply asks Defendants for a discovery production to prove the claims in her lawsuit and determine whether she needs to amend her pleading to add additional causes of action. Plaintiff has not cited any reason in her motion for granting her expedited access to this information.

The Court reminds Plaintiff that Defendants' response to her Complaint is due November 8, 2022. Once Defendants have formally appeared in this action, the Court will set this case for its standard initial pretrial conference and order the parties to conduct their Rule 26(f) conference. After the conference, Plaintiff may, in accordance with the Federal Rules of Civil Procedure, serve Defendants with discovery requests.

The Court also directs Plaintiff to the following resources to assist her in prosecuting her case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure

- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/

- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/.

Plaintiff is directed to familiarize herself with these resources. Also, although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules

include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for non-dispositive and dispositive motions as set forth in Local Rule CV-7(e), and keeping the Court updated with a current address to ensure all filings are received.

**IT IS THEREFORE ORDERED** that Plaintiff's *Pro Se* Rule 37 Motion to Compel Cooperation in Discovery [#20] is **DENIED**.

SIGNED this 7th day of November, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE