UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ELIZABETH ANN LONG,**

  *Plaintiff*,

v.   Case No. SA-22-CV-00923-JKP

**CAT EXTERIORS, KENSINGTON MARKETING GROUP,**

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Cat Exteriors and Kensington Marketing Group's Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *ECF Nos. 28,30*. Upon consideration of the Motion and Response, the Court concludes the Motion shall be DENIED.

### Factual Background

Plaintiff Elizabeth Long proceeds pro se and brings suit against CAT Exteriors and Kensington Marketing Group for using automated telephone equipment in violation of the Telephone Consumer Protection Act ("TCPA") by repeatedly placing solicitation calls to her cell phone. Long alleges that despite the fact her cellphone number is listed on the national do-not-call registry, CAT Exteriors, on behalf of Kensington Marketing Group, placed fourteen calls to her cell phone between September 2021 and March of 2022. Long alleges she requested telemarketers representing Cat Exteriors to stop calling and place her cellphone number on an internal do-not-

call list; however, the solicitation calls continued. Long alleges Kensington Home Improvement is otherwise known as Kensington Marketing Group.

Defendants move to dismiss this action for lack of standing pursuant to Federal Rule 12(b)(1) and for failure to state a claim pursuant to Federal Rule 12(b)(6).

**1. Motion to Dismiss Pursuant to Federal Rule 12(b)(1)**

Defendants challenge the Court's subject matter jurisdiction contending Long lacks standing to bring this action because she fails to plead an injury in fact. Defendants contend Long alleges only a statutory violation without any allegation of concrete, particularized harm, and for this reason, she does not hold standing to bring this action.

**Legal Standard**

Federal Rule 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Federal Rule 12(b)(1) motion is filed in conjunction with another Federal Rule 12 motion, the Court will consider the jurisdictional attack under Federal Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A court's subject matter jurisdiction is limited to actual cases and controversies. U.S. CONST. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992); *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 689 (5th Cir. 2021). Constitutional standing, which is a plaintiff's personal stake in the outcome of the case, is an "essential and unchanging part of the case-or-controversy requirement." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (quoting *Lujan*, 504 U.S. at 560). To establish such standing, a plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and

(3) a likelihood the injury will be redressed by a favorable decision. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014); *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002). The plaintiff bears the burden of establishing each of these standing elements. *Lujan*, 504 U.S. at 561.

To satisfy the first prong, an injury in fact, a plaintiff must have suffered a concrete and particularized injury that is actual or imminent, not conjectural or hypothetical. *Clapper v. Amnesty lnt'l USA*, 568 U.S. 398, 408-09 (2013); *Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 8053527, at *5 (W.D. Tex. Aug. 26, 2021). Even in the context of a statutory violation, a plaintiff must fall within the zone of interests protected by a statute to have standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1548 (2016). Thus, bare pleading of a statutory violation does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. Consequently, because Congress can only elevate the type of rights that are "traditionally amenable to, and resolved by, the judicial process," courts must consider the historical practices at common law, alongside Congress' judgment, in determining whether a plaintiff has standing. *Cranor*, 998 F.3d at 689-90; *Callier*, 2021 WL 8053527, at *5–6.

Within a Motion to Dismiss, the Court must presume the truth of all allegations and general allegations embrace those specific facts that are necessary to support the claim. *Lujan*, 504 U.S. at 561. Thus, at the pleading stage, general factual allegations of injury may suffice; however, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)(quoting Fed. R. Civ. P. 8(a)(2)).

**Discussion**

The TCPA creates a private right of action authorizing suit to enjoin violation of its regulations and to recover for actual monetary loss from such a violation. *Cranor*, 998 F.3d at 688. "In enacting the TCPA, Congress found that 'unrestricted telemarketing can be an intrusive invasion of privacy' and a 'nuisance.'" Pub. L. No. 102–243, § 2, ¶¶ 5, 10 (1991); *Cranor*, 998 F.3d at 690.

In *Cranor*, the plaintiff brought action under the TCPA after receiving a single unsolicited text message despite having asked the defendant not to text him. *Cranor*, 998 F.3d at 688-89. The Fifth Circuit held a single text message is a nuisance and an invasion of privacy and, thus, can alone establish standing. *Id*. at 689–90, 692–93. Indeed, this type of nuisance is the kind of injury that the TCPA was specifically enacted to curb. *Id*. at 688; *Callier*, 2021 WL 8053527, at *8.

Long alleges her cellphone number was on the national Do-Not-Call list; she asked telemarketers calling on behalf of Cat Exteriors, who represented Kensington Marketing Group, multiple times to stop calling her cellphone and to place her on its internal Do-Not-Call list; and the Defendants continued to call her cellphone. Long specifies the TCPA provisions she alleges Defendants violated by continually calling her cellphone. Long is not required under the TCPA to allege facts explaining how receipt of these calls to her cellphone caused her harm. *See Cranor*, 998 F.3d at 689-90. Following *Cranor*, "[i]f a single, unwanted text message gives rise to a concrete injury, multiple unwanted phone calls with prerecorded messages surely do as well." *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 562–63 (S.D. Tex. 2021); *see also Callier*, 2021 WL 8053527, at *8.

For these reasons, the Court concludes the facts alleged are sufficient to allege concrete and particularized harm under the TCPA and to establish Long has standing to bring this action. Thus, Defendants' Motion to Dismiss filed pursuant to Federal Rule 12(b)(1) based upon lack of standing will be denied.

**2. Motion to Dismiss Pursuant to Federal Rule 12(b)(6)**

**A. Statute of Limitations**

Defendants begin by arguing Long's pro se Original Petition should be dismissed because she admits her cause of action is barred by the applicable statute of limitations and statute of repose.

A pro se pleading shall be liberally construed, and, however inartfully pleaded, it "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

While Long does state in her Complaint her causes of action "are barred by the applicable statute of limitations, statute of repose…," she proceeds in this action pro se. The Court will, therefore, give deference to Long's pro se Original Petition and presume she did not intend to admit to expiration of the statute of limitations or any statute of repose. If Defendants contend either affirmative defense applies, they must plead and prove the applicability.

For these reasons, Defendants Motion to Dismiss filed pursuant to Federal Rule 12(b)(6) based upon Long's seeming admission will be denied.

**B. Failure to State a Claim**

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing

the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## Discussion

Defendants contend Long fails to plausibly allege a cause of action under the TCPA because she fails to specifically plead facts to show they violated the Act and merely states a for-

mulaic recitation of the TCPA regulations violated without stating the specific violating acts they committed.

The true focus of Defendants' argument is whether Long will ultimately prevail on the merits of the asserted cause of action. At this stage of the litigation, this Court will not engage in analysis of the merits of an asserted cause of action, or a party's argument in support of its position, but will review Long's Original Complaint to determine whether she alleged enough facts to state a plausible cause of action. *See Twombly*, 550 U.S. at 570. *Ashcroft v. Iqbal*, 556 U.S. at 678.

As stated previously, Long alleges her cellphone number was on the national Do-Not-Call list; she asked telemarketers calling on behalf of Cat Exteriors, who represented Kensington Marketing Group, multiple times to stop calling her cellphone and to place her on its internal Do-Not-Call list, and; the Defendants continued to call her cellphone. Long specifies the TCPA provisions that Defendants violated by continually calling her cellphone.

Reviewing the facts alleged in the Original Petition in the light most favorable to Long reveals Long plead sufficient facts to state a plausible claim for relief under the TCPA. These facts as alleged are enough to state a claim to relief that is plausible on its face and allows the court to draw the reasonable inference that Defendants could be liable for the misconduct alleged. *See Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. at 678.

Consequently, Defendants' Motion to Dismiss for Failure to State a Claim filed pursuant to Federal Rule 12(b)(6) will be denied.

## Conclusion

For the reasons stated, Defendants' Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are both DENIED.

It is so ORDERED.
SIGNED this 15th day of December, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE