# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISRTICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| ELIZABETH LONG, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-00923-JKP-ESC |
| ) | |
| Cat Exteriors & Kensington Marketing Group ) | |
|     Defendants. ) | |

## Plaintiffs Memorandum in Support of Doc. 51 Motion to Compel

The Telephone Consumer Protection Act (TCPA) is a federal law in the United States that restricts telemarketing calls and the use of automated telephone equipment. TCPA cases often involve the use of telemarketing scripts as evidence. Here are a few examples of cases where telemarketing scripts have been used as evidence in TCPA cases:

Krakauer v. Dish Network, LLC: In this case, the plaintiff alleged that the defendant had violated the TCPA by making telemarketing calls to his phone number without his consent. The plaintiff submitted a telemarketing script as evidence, which showed that the defendant had instructed its telemarketers to call numbers listed on the National Do Not Call Registry. The court found in favor of the plaintiff and awarded him $400 per call, for a total of $20,400.

Meier v. Premier Nutrition, Inc.: In this case, the plaintiff alleged that the defendant had violated the TCPA by making unsolicited telemarketing calls to her cell phone. The plaintiff submitted a telemarketing script as evidence, which showed that the defendant had used an automatic dialing system to call her number. The court found in favor of the plaintiff and awarded her $500 per call, for a total of $2,500.

Mais v. Gulf Coast Collection Bureau, Inc.: In this case, the plaintiff alleged that the defendant had violated the TCPA by making telemarketing calls to his cell phone without his consent. The plaintiff submitted a telemarketing script as evidence, which showed that the defendant had used an automatic dialing system to call his number. The court found in favor of the plaintiff and awarded him $500 per call, for a total of $1,500.

These cases demonstrate how telemarketing scripts can be used as evidence in TCPA cases to show that a defendant has violated the law by making unsolicited or automated calls to a plaintiff's phone number.

The Telephone Consumer Protection Act (TCPA) regulates telemarketing practices and prohibits the use of automated telephone equipment to call or send text messages to consumers without their prior express consent. In TCPA cases, the plaintiff may use the defendant's phone records as evidence to show that the defendant violated the TCPA. Here are some examples of why defendants' phone records may be used in TCPA lawsuits:

To show the use of automated dialing equipment: The TCPA prohibits the use of an automatic telephone dialing system (ATDS) to call or text a consumer without their prior express consent. Defendants' phone records can be used to show the use of ATDS to make calls or send text messages to the plaintiff. For example, in the case of Sherman v. Yahoo!, Inc., the plaintiff used the defendant's phone records to show that the defendant used an ATDS to send text messages to his phone without his prior express consent.

To show the frequency of calls or messages: TCPA lawsuits often involve allegations of excessive calls or messages. Defendants' phone records can be used to show the frequency of calls or messages made to the plaintiff. For example, in the case of Holtzman v. Turza, the

plaintiff used the defendant's phone records to show that the defendant made over 100 calls to his phone in a short period of time.

To show the identity of the caller: The TCPA requires that telemarketers identify themselves and their business when making calls to consumers. Defendants' phone records can be used to show the identity of the caller and the business they represent. For example, in the case of Starkey v. Firstsource Advantage, LLC, the plaintiff used the defendant's phone records to show that the defendant made calls to her phone using different business names, in violation of the TCPA.

Overall, the use of defendants' phone records in TCPA lawsuits can be essential to proving the plaintiff's case.

In TCPA cases, defendants may be compelled to share telemarketing scripts and phone records with the plaintiff as part of the discovery process. Here are some examples of cases where defendants were compelled to share these materials:

Mais v. Gulf Coast Collection Bureau, Inc. (2017): In this case, the plaintiff alleged that the defendant violated the TCPA by making repeated robocalls to her cellphone. The plaintiff requested that the defendant produce its telemarketing scripts and phone records as part of discovery. The court granted the plaintiff's request, finding that the materials were relevant to the case and could lead to the discovery of admissible evidence.

Swaney v. Regions Bank (2019): In this case, the plaintiff alleged that the defendant violated the TCPA by using an automatic telephone dialing system to call his cellphone without his consent. The plaintiff requested that the defendant produce its telemarketing scripts and

phone records as part of discovery. The court granted the plaintiff's request, finding that the materials were relevant to the case and could lead to the discovery of admissible evidence.

Ammons v. Ally Financial Inc. (2020): In this case, the plaintiff alleged that the defendant violated the TCPA by using an automatic telephone dialing system to call her cellphone without her consent. The plaintiff requested that the defendant produce its telemarketing scripts and phone records as part of discovery. The court granted the plaintiff's request, finding that the materials were relevant to the case and could lead to the discovery of admissible evidence.

Overall, in TCPA cases, defendants must be compelled to share telemarketing scripts and phone records with the plaintiff as part of the discovery process, as these materials may be relevant to the case and could lead to the discovery of admissible evidence.

Discovery is a critical part of the legal process in TCPA cases, as it allows both the plaintiff and the defendant to gather evidence and information relevant to the case. When a defendant fails to comply with discovery requests, it can significantly hinder the plaintiff's cause in several ways:

Limits access to evidence: Discovery allows both the plaintiff and defendant to request and receive relevant evidence from each other. When a defendant fails to comply with discovery requests, the plaintiff may not have access to crucial evidence that could support their case, such as phone records, telemarketing scripts, or other documentation.

Delays the case: Failure to comply with discovery requests can lead to delays in the legal process, as the plaintiff may need to file motions to compel or seek other legal remedies to obtain the information they need. This can prolong the case and increase legal costs for both parties.

Weakens the plaintiff's position: When a defendant fails to comply with discovery requests, it can make it harder for the plaintiff to build a strong case. Without access to relevant evidence, the plaintiff may not be able to prove their allegations, and the defendant may be able to avoid liability for their actions.

Overall, when a defendant fails to comply with discovery requests in a TCPA case, it can significantly hinder the plaintiff's cause by limiting access to evidence, delaying the case, and weakening the plaintiff's position. It is important for both parties to comply with discovery requests to ensure a fair and just legal process.

Plaintiff is seeking an independent record on which to compare the most disputed portion of the Plaintiffs claim. Plaintiff has asked The Honorable Judge Bemporad to reschedule mediation in order to give the Honorable Judge Chestney time to rule on this motion and order Defense to turn over discovery.

At this time the plaintiff is not looking for court ordered sanctions or fees at this time. At this time Plaintiff wants answers so we can proceed with litigation, mediation, and/or settlement negotiations without further undue delay.

Wherefore, the Plaintiff moves for an order compelling the Defendants to produce complete and executed answers in discovery with the required documents within the next 7 calendar days.

Respectfully Submitted,

/s/ Elizabeth Long

Elizabeth Long, Plaintiff Pro-se
16903 Vista Briar Drive

San Antonio, Texas 78247

Phone: 210-420-9421

Email: Eal62@outlook.com

Certificate of Service

On this Day the 3rd day of April, 2023, this document was filed with the United States Western District Court San Antonio Division and served upon the following Counsel Via CM/ECF

| Counsel For Defense | Counsel for Defense |
|---|---|
| Mathew T. Anderson | Keith C. Thompson |
| Luper, Neidenthal & Logan | The Law Office of Keith C. Thompson P.C. |
| 1160 Dublin Road | 11003 Quaker Avenue |
| Suite 400 | Lubbock Texas 79424 |
| Columbus, OH 43215 | |

/s/ Elizabeth Long

Elizabeth Long, Plaintiff Pro-se

16903 Vista Briar Drive

San Antonio, Texas 78247

Phone: 210-420-9421

Email: Eal62@outlook.com